**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RANDALL PHILLIPS,<br>Plaintiff<br><br>vs.<br><br>UNIVERSITY OF PENNSYLVANIA,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 2:26-cv-04033-KSM<br><br>Electronically Filed |

**ORDER**

**AND NOW,** this ________ day of ________________________, 2026, after consideration of Defendant Trustees of the University of Pennsylvania's Motion to Dismiss With Prejudice, and any response thereto, it is **ORDERED** that the Motion is **GRANTED.** The Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Trustees of the University of Pennsylvania.

**BY THE COURT:**

____________________________________
Hon. Karen Spencer Marston

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RANDALL PHILLIPS,<br>Plaintiff<br><br>vs.<br><br>UNIVERSITY OF PENNSYLVANIA,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 2:26-cv-04033-KSM<br><br>Electronically Filed |

**DEFENDANT TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

For the reasons set forth in the Memorandum of Law filed concurrently with this Motion, Defendant Trustees of the University of Pennsylvania moves to dismiss with prejudice Plaintiff Randall Phillips's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

*/s/ James A. Keller*
James A. Keller (PA 78955)
Jesse L. Krohn (PA 313059)
**SAUL EWING LLP**
1735 Market Street, 34th Floor
Philadelphia, PA 19103
(215) 972-1964//7869
James.Keller@saul.com
Jesse.Krohn@saul.com

Date: June 22, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RANDALL PHILLIPS,<br>Plaintiff | : | |
| | : | Civil Action No. 2:26-cv-04033-KSM |
| vs. | : | |
| | : | Electronically Filed |
| UNIVERSITY OF PENNSYLVANIA,<br>Defendant. | : | |

**DEFENDANT TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

# TABLE OF CONTENTS

**Page**

Introduction ... 1

Procedural History ... 3

Statement of Alleged Facts ... 3

Question Presented ... 4

Argument ... 4

A. Plaintiff's Complaint should be dismissed because he fails to plausibly allege that he was denied admission due to discrimination. ... 5

B. Plaintiff's ADA of 1975 claim should be dismissed because his Complaint fails to plead that he exhausted administrative remedies as required by the law. ... 9

C. Plaintiff's PFEOA claim should be dismissed because his Complaint fails to plead that he exhausted administrative remedies as required by the law. ... 9

CONCLUSION ... 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .....5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .....5

*Byers v. Intuit, Inc.*, 600 F.3d 286 (3d Cir. 2010) .....5

*In re New Jersey Title Ins. Litig.*, 683 F.3d 451 (3d Cir. 2012) .....5

*King v. Mansfield Univ. of Penn.*, No. 1:15-cv-00159, 2019 WL 1003612 (M.D. Pa. Feb. 28, 2019) .....10

*L.L. v. Evesham Twp. Bd. of Educ.*, 710 F. App'x 545 (3d Cir. Sept. 27, 2017) .....6

*Lei Ke v. Drexel Univ.*, No. 11–6708, 2013 WL 1092661 (E.D.Pa. Mar. 14, 2013) .....6, 7, 10

*Manning v. Temple Univ.*, 157 F. App'x 509 (3d Cir. 2005) .....7

*Mest v. Cabot Corp.*, 449 F.3d 502 (3d Cir. 2006) .....8

*O'Connor v. City of Newark*, 440 F.3d 125 (3d Cir. 2006) .....8

*Phillips v. Harvard Univ.,* Case No. 1:25-cv-13998-MPK (D.Ma.) .....1

*Phillips v. Mass. Inst. of Tech.*, Case No. 2681-CV-00243, Middlesex Sup. Ct. (Mass.) .....1

*Phillips v. Northwestern Univ.*, Case No. 1:26-cv-02081 (N.D.Ill.) .....1

*Phillips v. Office for Civil Rights*, Case No. 2:24-CV-01298 (E.D. Wis.) .....1

*Phillips v. Univ. of Cal.*, Case No. 26-CV-169366, Alameda Super. Ct. (Cal.) .....1

*Satell v. Temple Univ.,* No. 17-2774, 2018 WL 283742 (E.D.Pa. Jan. 3, 2018) .....6, 8

*Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014) .....8

*Smith v. Dept. of Educ.*, 158 F. App'x 821 (9th Cir. Dec. 13, 2005) .....6

*Weir v. Univ. of Pittsburgh*, No. 22-3392, 2023 WL 3773645 (3d Cir. June 2, 2023) .....6, 8

*Williams v. Pennridge Sch. Dist.*, 782 F. App'x 120 (3d Cir. July 30, 2019) .....6

*Yan Yan v. Penn. St. Univ.*, No. 4:14–CV–01373, 2015 WL 3953205 (M.D.Pa. June 29, 2015) .....9

**FEDERAL STATUTES**


34 C.F.R. § 110.30, *et seq.* ....................................................................................................3, 9

Age Discrimination Act of 1975, 42 U.S.C. §§ 6101-6107................................................ passim

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d .............................................. passim


**STATE STATUTES**


Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ......................................................3, 10

Pennsylvania Fair Educational Opportunities Act, 24 P.S. § 5001, *et seq*. ....................................1

# INTRODUCTION

Plaintiff Randall Phillips ("Phillips" or "Plaintiff")[1] claims that for the past 20 years, the University of Pennsylvania (the "University")[2] has denied him admission to various PhD programs including "Economics," "Statistics," and Finance[3] because of discrimination on the basis of race, national origin, and age in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000d,[4] the Age Discrimination Act of 1975 ("ADA of 1975"), 42 U.S.C. §§ 6101-6107, and the Pennsylvania Fair Educational Opportunities Act ("PFEOA"), 24 P.S. § 5001, *et seq*. Compl. ¶ 1. Specifically, Plaintiff alleges that he was not admitted because the University preferred candidates who were younger, not underrepresented minorities, and "foreign." *Id.* ¶ 6. Plaintiff seeks both monetary and injunctive relief. *Id.* ¶¶ VI(1)-(3). Notably, Plaintiff has brought substantially identical claims against numerous institutions of higher education, as well as related claims, without success.[5]

---

[1] Plaintiff asserts that he is "fil[ing] this complaint on [his] own behalf and on behalf of hundreds, if not thousands, of [his] Black fellows," but the Complaint does not conform to the requirements for a class action complaint and as such, herein, Defendant has not styled its response as though he did. Compl. ⁋ 8.

[2] The proper legal name of the entity is Trustees of the University of Pennsylvania.

[3] Presumably, these are references to the University's doctoral programs in "Applied Economics" and "Statistics and Data Science." Plaintiff suggests that he may also have applied to a PhD program in Actuarial Science, but the University does not have such a doctoral program. *See* "Programs of Study," UNIVERSITY OF PENNSYLVANIA, *available at* https://doctoral.wharton.upenn.edu/programs-of-study/ (last accessed May 29, 2026).

[4] Plaintiff does not specify a particular provision of the Civil Rights Act, but it appears that his claim is brought under Title VI of the Civil Rights Act of 1964, which prohibits discrimination based on race, color, and national origin ("Title VI") by federally funded entities, including colleges and universities.

[5] *See, e.g., Phillips v. Harvard Univ.,* Case No. 1:25-cv-13998-MPK (D.Ma.) (alleging university denied Plaintiff admission based on race and age) (dismissed May 7, 2026); *Phillips v. Mass. Inst. of Tech.*, Case No. 2681-CV-00243, Middlesex Sup. Ct. (Mass.) (same) (pending as of date of drafting); *Phillips v. Northwestern Univ*., Case No. 1:26-cv-02081 (N.D.Ill.) (same) (dismissed

In order to adequately plead a Title VI or ADA of 1975 claim, Plaintiff must establish intentional discrimination. This, Plaintiff does not do. He merely identifies purported comparators who he alleges are "younger," "non-underrepresented," and "foreign," and who were – unlike him – admitted to the University. It is not clear on what basis Plaintiff purports to know the age, race, or national origin of these individuals, or their academic credentials, but baldly asserts that these individuals did not "have enough Mathematics and Statistics knowledge" and "were far from an ideal candidate," whereas he was "an ideal candidate (best qualified candidate)." Compl. ⁋⁋ 26, 24. Plaintiff's Complaint is devoid of facts which would go to show that these purported comparators were similarly situated to him in terms of standardized test scores; essays; transcripts and academic history; or letters of recommendation – the criteria considered for admission to the University's prestigious doctoral programs.[6] This is particularly startling given that Plaintiff *did not actually submit a completed application to the University* during the relevant time, and does not assert that any of his purported comparators was admitted after failing to actually apply. Because Plaintiff's Complaint fails to plausibly allege intentional discrimination – or, indeed, even an inference of discrimination – it fails to state a Title VI, ADA of 1975, or PFEOA claim upon which relief can be granted and should be dismissed.

April 23, 2026); *Phillips v. Univ. of Cal.*, Case No. 26-CV-169366, Alameda Super. Ct. (Cal.) (same) (pending as of date of drafting); *Phillips v. Office for Civil Rights*, Case No. 2:24-CV-01298 (E.D. Wis.) (alleging that the U.S. Department of Education's Office for Civil Rights failed to adequately investigate allegations that Phillips was denied admission to various PhD programs based on his race, national origin, and age) (dismissed April 24, 2025).

[6] A copy of the University's current application requirements is appended hereto as Exhibit "A." Though there are minor changes annually, such as with respect to application deadlines, the core requirements are not subject to meaningful variation and have been in place over the twenty year period Plaintiff purports to have sought admission. *See also* "Application Requirements," UNIVERSITY OF PENNSYLVANIA, *available at* https://doctoral.wharton.upenn.edu/application-requirements/ (last accessed May 29, 2026).

Additionally, in order to bring suit under the ADA of 1975, Plaintiff must first file a complaint with the United States Department of Education's Office for Civil Rights ("OCR") and wait for 180 days to elapse or for a finding in his favor. *See* 34 C.F.R. § 110.39(b). Because Plaintiff has not pleaded that he exhausted administrative remedies as required, Plaintiff's Complaint fails to state an ADA of 1975 claim upon which relief can be granted, and that claim should be dismissed for that reason as well.

Similarly, in order to bring suit under the PFEOA, a plaintiff is required to first file a complaint with the Pennsylvania Human Relations Commission ("PHRC"). 24 Pa. C.S. § 5007; 43 Pa. C.S. § 959. The complainant is then required to wait for one year to elapse; only if the PHRC does not take action within one year may the complainant may pursue his claim in court. 43 Pa. C.S. §§ 962(c)(1). Because Plaintiff has not pleaded that he exhausted administrative remedies as required, Plaintiff's Complaint fails to state a PFEOA claim upon which relief can be granted, and that claim should also be dismissed.

## **PROCEDURAL HISTORY**

Plaintiff filed a "Civil Action Complaint" in the Court of Common Pleas of Philadelphia County, Pennsylvania on February 8, 2026. Doc. 1, Ex. A. On June 12, 2026, the University filed a Notice of Removal. Doc. 1.

## **STATEMENT OF ALLEGED FACTS**

Plaintiff asserts that he is a "highly gifted Black/African American who have [sic] been specially prepared for PhD study and research career in Statistics, Economics, Finance and Actuarial Science" who has "been seeking admission to PhD programs in Statistics, Economics and Finance of UPenn since 2005 about 20 years ago." Compl. ⁋ 6. Plaintiff asserts that although he is "qualified" and an "ideal candidate (best qualified candidate)," "in 20 years period, admission

staff of UPenn have always denied [him] admission and preferred admitting less qualified younger, non-underrepresented applicants, especially foreign applicants." *Id*.

The purported basis for Plaintiff's assertion is that in 2025, the doctoral program in Finance admitted a "younger, non-underrepresented foreign applicant," and in 2023 and 2024, admitted two "younger, non-underrepresented foreign applicants." *Id.* ⁋ 26. Per Plaintiff, who provides no basis for purporting to know the age, race, or national origin of these individuals, asserts that these successful candidates did not have "enough Mathematics and Statistics knowledge for the PhD study" and "were far from an ideal candidate for the PhD program in Finance." *Id.* Plaintiff purports to have seen, when he "visited UPenn few years ago," an unnamed "younger, non-underrepresented" graduate of the same institution he attended, from the "class of 2026," studying at the University in "the PhD program in Finance." *Id.* ⁋ 27.[7]

## QUESTION PRESENTED

***Question:*** Should the Complaint be dismissed for failure to state a claim on which relief can be granted?

***Suggested Answer: Yes.***

## ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

[7] Plaintiff also asserts that "research findings of higher education researchers" corroborate that discrimination is a "regular admissions practice," but does not provide any such "evidence" related to the University specifically. *Id.* ⁋⁋ 7, 30. He also devotes substantial part of his Complaint to detailing the Office of Personnel Management ("OPM") system for evaluating employee qualifications, *id.* ⁋⁋ 30-31, and diversity-related policy statements of the United States, *id.* ⁋⁋ 29, 38, as well as his passage of various "SOA/CAS actuarial certification exams." *Id.* ⁋⁋ 34, 38. These "facts" also have no relevance to the University, which is not an agency or department of the United States government and does not require actuarial certification exam results as part of its application for admission to its doctoral programs. *See* Ex. A. Finally, Plaintiff comments extensively on the University's faculty hiring practices, *id.* ⁋⁋ 28-29, but does not assert that he has ever sought employment (faculty or staff) at the University. As such, these inapplicable assertions have been omitted from this Statement of Alleged Facts.

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted). A complaint must be construed "in the light most favorable to the plaintiff." *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010) (citation and quotations omitted). But, "'labels and conclusions'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are not entitled to the presumption of truthfulness. *Iqbal*, 556 U.S. at 678 (citations omitted). If alleged facts fail "to raise a right to relief above the speculative level," the court must dismiss. *Twombly*, 550 U.S. at 555.

As Plaintiff has not stated a viable claim against the University, under Rule 12(b)(6), the Complaint should be dismissed against the University in its entirety and with prejudice, as amendment would be futile. *See In re New Jersey Title Ins. Litig.*, 683 F.3d 451, 462 (3d Cir. 2012) (court need not permit amendment if complaint is vulnerable to dismissal and amendment would be futile).

A. <u>Plaintiff's Complaint should be dismissed because he fails to plausibly allege that he was denied admission due to discrimination.</u>

Plaintiff's Complaint does not contain any alleged direct evidence of intentional discrimination. Nor does it contain sufficient indirect evidence of intentional discrimination to plausibly plead a Title VI or ADA of 1975 violation – or, indeed, even the inference of discrimination needed to support a PFEOA claim.

"To prove a Title VI violation," Plaintiff must demonstrate that "(1) he is a member of a

protected class; (2) he was qualified to continue in pursuit of his education; (3) he suffered an adverse action; and (4) such action occurred under circumstances giving rise to an inference of discrimination." *Satell v. Temple Univ.,* No. 17-2774, 2018 WL 283742, *6 (E.D. Pa. Jan. 3, 2018). Plaintiff must "identify [] comparators—similarly situated non-African-American students—who were treated differently from plaintiffs[]" or show "'some additional evidence exists that establishes a causal nexus between the harm suffered and the plaintiff's membership in a protected class, from which a reasonable juror could infer, in light of common experience, that the defendant acted with discriminatory intent.'" *L.L. v. Evesham Twp. Bd. of Educ*., 710 F. App'x 545, 548-0 (3d Cir. Sept. 27, 2017) (internal citation omitted). Yet, as the Third Circuit has "repeatedly held, evidence of disparate treatment, alone, is insufficient to establish discriminatory intent." *Williams v. Pennridge Sch. Dist.*, 782 F. App'x 120, 127 (3d Cir. July 30, 2019). And, in order to serve as a comparator, the individual must be "'directly comparable to [the plaintiff] in all material respects.'" *See Weir v. Univ. of Pittsburgh*, No. 22-3392, 2023 WL 3773645, *3 (3d Cir. June 2, 2023) (quoting *Patterson v. Avery Dennison Corp*., 281 F.3d 676, 680 (7th Cir. 2002)). The ADA of 1975 also requires proof of "intentional discrimination due to age" and is interpreted similarly to Title VI. *See Smith v. Dept. of Educ*., 158 F. App'x 821, 824 (9th Cir. Dec. 13, 2005).

The PFEOA does not require proof of intentional discrimination based on race or national origin.[8] But, in order to survive a motion to dismiss, a plaintiff must "provide a plausible link between his race and the adverse actions taken against him." *Lei Ke v. Drexel Univ*., No. 11–6708, 2013 WL 1092661, *8 (E.D.Pa. Mar. 14, 2013). In order to do so, a plaintiff "may show that a

[8] The PFEOA provides that it shall be an unfair educational practice for an educational institution "[t]o exclude or limit, or otherwise discriminate, because of race, religion, color, ancestry, national origin, sex, handicap or disability, against any student or students seeking admission as students to such institutions." 24 Pa. Cons.Stat. § 5004(a)(1). The PFEOA does not address discrimination based on age.

similarly-situated individual of a different race was treated more favorably than the plaintiff." *Id.* (citing *Ade v. KidsPeace Corp*., 398 F.Supp.2d. 501, 515 (E.D.Pa. 2010), aff'd, 401 F. App'x 697 (3d Cir. 2010)). A PFEOA claim may be dismissed if it "fails to raise the required inference of discrimination." *Manning v. Temple Univ*., 157 F. App'x 509, 513 (3d Cir. 2005).

As noted, Plaintiff identifies five individuals (one purportedly admitted to the University in 2025, and two purportedly admitted in 2023 and 2024), who he describes, without citing the basis for this "knowledge," as "younger," "non-underrepresented," and "foreign," and asserts that each was, unlike him, not an "ideal candidate" due to their allegedly inferior "Mathematics and Statistics knowledge" and fewer number of "SOA/CAS actuarial certification exams" passed. Plaintiff provides no basis for asserting a differential in "Mathematics and Statistics knowledge" between himself and these purported comparators. And, neither generalized "knowledge" nor having passed "actuarial certification exams" is a criteria for admission to the University's relevant doctoral programs. *See* Ex. A. Plaintiff's Complaint is devoid of facts which would go to show that these purported comparators were similarly situated to him in terms of the ***actual*** criteria for admission: standardized test scores; essays; transcripts and academic history; and/or letters of recommendation.

Plaintiff not only *has not* done so, he *cannot* do so: Plaintiff did not even submit a completed application when he applied to the doctoral program in Finance in November 2024 (for academic year 2025-2026) or December 2025 (for academic year 2026-2027) – the only two applications he submitted within the two-year limitations period[9] – and cannot plausibly assert

[9] For the avoidance of doubt, Plaintiff cannot assert he was discriminatorily denied admission to the doctoral programs in "Economics" (Applied Economics) or "Statistics" (Statistics and Data Science) because he did not apply to those programs at all, nor did he apply to a program in "Actuarial Science," as the University does not have such a program.

that all six purported comparators were admitted without submitting a completed application.[10]

As noted, applicants must submit transcripts and letters of recommendation. *See* Ex. A. However, Plaintiff did not submit a transcript or any letters of recommendation with his 2024 or 2025 applications, copies of which are appended hereto as Exhibits "B" and "C."[11] Rather, where a transcript was required, he uploaded a copy of what appears to be his diploma; where letters of recommendation were required, he merely indicated that he had requested letters from the University's President (2024), or the University's President, Provost, and Vice Provost (2025), none of whom, on information and belief, Plaintiff has ever even met.

Plaintiff was not a "qualified" applicant for admission, *Satell*, 2018 WL 283742 at *6, and his purported comparators are not "'directly comparable" to him "in all material respects.'" *Weir*, 2023 WL 3773645 at *3. Plaintiff does not and cannot plausibly assert that the University's admission decision was rooted in "discriminatory intent" or was otherwise discriminatory and his claims should be dismissed.

---

[10] Title VI and ADA of 1975 claims filed in the Commonwealth of Pennsylvania are subject to the two-year statute of limitations for personal injury claims and, as such, only claims related to applications submitted after February 8, 2024 are within the limitations period. *Satell*, 2018 WL 283742 at *6. For the avoidance of doubt, earlier denials of admission, if any, cannot be considered under the continuing violations doctrine, as each denial constitutes a discrete act, making the doctrine inapplicable. *See O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). Moreover, even if the doctrine did apply, the statute of limitations is only tolled "when a plaintiff is unable, 'despite the exercise of due diligence, to know of the injury or its cause.'" *Mest v. Cabot Corp.*, 449 F.3d 502, 510 (3d Cir. 2006) (citation omitted). Plaintiff's does not allege any previously unknown conduct by the Defendant – only that he was denied admission.

[11] Although Plaintiff did not append a copy of the applications he says were unfairly rejected to his Complaint, a "'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). As "the justification for the integral documents exception" is that a plaintiff should not "be able to evade accountability for such documents simply by not attaching them to his complaint," the Court can and should consider them. *Id.* at 250.

B. Plaintiff's ADA of 1975 claim should be dismissed because his Complaint fails to plead that he exhausted administrative remedies as required by the law.

As noted, in order to bring suit under the ADA of 1975, Plaintiff must first file a complaint with OCR and wait for 180 days to elapse or for a finding in his favor. See 34 C.F.R. § 110.39(b). The complaint must be filed "within 180 days from the date the complainant first had knowledge of the alleged discrimination." 34 C.F.R. § 110.31(a). Before filing a complaint, the plaintiff must "give 30 days notice by registered mail to the Secretary [of Education], Secretary of Health and Human Services, the Attorney General of the United States, and the recipient [institution]." 34 C.F.R. § 110.39(b)(3)(iii). The notice "shall state the alleged violation of the Act, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are demanded in the event the complainant prevails." 34 C.F.R. § 110.39(b)(3)(iv).

Plaintiff does not plead having satisfied these requirements. As such, the ADA of 1975 claim must be dismissed. *See, e.g., Yan Yan v. Penn. St. Univ.*, No. 4:14–CV–01373, 2015 WL 3953205, *15 (M.D.Pa. June 29, 2015) ("Indeed, in the amended complaint, [Plaintiff] does not even indicate compliance with the Act's exhaustion requirements prior to bringing this lawsuit or whether she also adhered to the Act's notice requirements…. Accordingly, Yan Yan's Age Discrimination Act claim…should be dismissed without prejudice for her failure to plead exhaustion and adherence to the notice requirements").

C. Plaintiff's PFEOA claim should be dismissed because his Complaint fails to plead that he exhausted administrative remedies as required by the law.

A further basis for the dismissal of Plaintiff's PFEOA claim is, as with the ADA of 1975 claim, a failure to exhaust administrative remedies. As noted, the PFEOA requires a plaintiff to bring a complaint before the PHRC within 180 days of the alleged act. 24 Pa. C.S. § 5007; 43 Pa. C.S. § 959. The complainant is then required to wait for one year to elapse, and it is only if the PHRC does not take action within one year that the complainant may pursue his claim in court.

43 Pa. C.S. §§ 962(c)(1). Failure to comply with these requirements is a basis for dismissal. *See, e.g., King v. Mansfield Univ. of Penn.*, No. 1:15-cv-00159, 2019 WL 1003612, *7 (M.D. Pa. Feb. 28, 2019) (granting motion to dismiss where plaintiff did not file his PFEOA complaint with the PHRC within the 180 day window); *Ke*, 2013 WL 1092661 at *8 (Plaintiff "failed to comply with the one year time period in which the [PHRC] has exclusive jurisdiction over this [PFEOA] matter before filing suit in this Court, and therefore failed to exhaust his administrative remedies"). Plaintiff does not plead having satisfied the requirements to bring suit under the PFEOA. As such, the PFEOA claim must be dismissed.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint should be dismissed in its entirety, with prejudice, for failure to state a claim pursuant to Rule 12(b)(6), along with any other, further relief the Court deems proper, equitable, and just.

Respectfully submitted,

*/s/ James A. Keller*

James A. Keller (PA 78955)
Jesse L. Krohn (PA 313059)
**SAUL EWING LLP**
1735 Market Street, 34th Floor
Philadelphia, PA 19103
(215) 972-1964//7869
James.Keller@saul.com
Jesse.Krohn@saul.com

*Attorneys for the Trustees of the University of Pennsylvania*

Dated: June 22, 2026

**CERTIFICATE OF SERVICE**

I, James A. Keller, hereby certify that I electronically filed the foregoing Motion to Dismiss and Memorandum of Law with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania by using the CM/ECF system. I certify that a true and correct copy of the foregoing was by first class upon the following:

Randall Phillips
240 E. Rond du Lac Street
Ripon, WI 54971

Respectfully submitted,

*/s/ James A. Keller*

James A. Keller (PA 78955)
Jesse L. Krohn (PA 313059)
**SAUL EWING LLP**
1735 Market Street, 34th Floor
Philadelphia, PA 19103
(215) 972-1964//7869
James.Keller@saul.com
Jesse.Krohn@saul.com

*Attorneys for the Trustees of the University of Pennsylvania*

Dated: June 22, 2026

**CERTIFICATE OF CONFERENCE WITH PLAINTIFF**

I, Jesse L. Krohn, hereby certify that I attempted to engage in substantive verbal communication with Plaintiff regarding the substance of this Motion, leaving two voicemail messages requesting Plaintiff contact me for such purposes, followed by an email request on June 16, 2026. Plaintiff has not, to-date, responded to this telephonic or written outreach or otherwise taken advantage of the opportunity to cure the alleged pleading deficiencies.

Respectfully submitted,

*/s/ James A. Keller*

James A. Keller (PA 78955)
Jesse L. Krohn (PA 313059)
**SAUL EWING LLP**
1735 Market Street, 34th Floor
Philadelphia, PA 19103
(215) 972-1964//7869
James.Keller@saul.com
Jesse.Krohn@saul.com

*Attorneys for the Trustees of the University of Pennsylvania*

Dated: June 22, 2026